IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMAR ANTWAN LOVE, SR. #307-690 | * | |
| Petitioner | * | |
| v | * | Civil Action No. CCB-14-1376 |
| FRANK B. BISHOP, et al. | * | |
| Respondents | * | |

\*\*\*

## MEMORANDUM

Respondents request dismissal of Jamar Antwan Love, Sr.'s ("Love") petition for writ of habeas corpus under 28 U.S.C. § 2254 as time-barred. Consonant with the decision in *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002), the court granted Love, a self-represented litigant, the opportunity to explain why his § 2254 petition should not be dismissed as time-barred. Love has replied. (ECF No. 9) After considering the pleadings, exhibits, and applicable law, the court finds a hearing unnecessary. *See* Local Rule 105.6 (D. Md. 2014); Rule 8, "Rules Governing Section 2254 Proceedings in the United States District Courts"; *see also Fisher v. Lee,* 215 F.3d 438, 454-55 (4th Cir. 2000) (stating there is no entitlement to a hearing under 28 U.S.C. § 2254(e)(2) except in limited circumstances not applicable here).

## BACKGROUND

1. **Procedural History**

    **A. Trial**

In February of 2002, Love was convicted by a jury sitting in the Circuit Court for Baltimore City of first-degree murder, use of a handgun in the commission of a crime of violence, and wearing and carrying a handgun. ECF No. 5, Response, Ex. 1 and 2.  Response. On April 22, 2002, Love was sentenced to serve life in prison on the first-degree murder conviction, with

separate concurrent sentences imposed for each handgun offense. *Id*; *see also* ECF No. 1, Petition at 1.

### B.  Direct Review

On direct appeal, the Court of Special Appeals of Maryland, in an unreported opinion filed on June 12, 2003, affirmed Love's conviction and sentence for murder, vacated his sentences for wearing and carrying a handgun and use of a handgun in the commission of a crime of violence, and remanded the case for resentencing on the latter offense. Response, Ex. 2. The court's mandate issued on July 14, 2003, and neither the State nor Love sought review by the Court of Appeals of Maryland. Consequently, the Court of Special Appeals' judgment became final on July 29, 2003. *See* Md. Rule 8-302 (request for further review by the Court of Appeals of a decision of the Court of Special Appeals must be filed no later than 15 days after the Court of Special Appeals issues its mandate).

### C.  Resentencing

On September 15, 2003, Love was resentenced by the trial court. Response, Ex. 1 at 8. Love did not appeal resentencing, *see id.*, and the judgment became final on October 15, 2003. *See* Md. Rule 8-202 (requiring notice of appeal to be filed within 30 days of the date of judgment from which appeal is sought).

### D.  Post-Conviction Relief

On June 9, 2011, Love filed a petition for post-conviction relief in the Circuit Court for Baltimore City. On August 1, 2013, the Circuit Court granted Love the right to file a belated application for review of sentence, but otherwise denied post-conviction relief. Response, Ex. 1 at 8-10. Love's application for leave to appeal the adverse ruling of the post-conviction court was

denied summarily by the Court of Special Appeals by unreported opinion filed on April 23, 2014, with the court's mandate issuing on April 24, 2014.  Response, Ex. 3.

### E. Federal Habeas Petition

Love's petition is dated April 15, 2014, and was received by the Clerk on April 23, 2014. For the purpose of assessing the timeliness of the petition under 28 U.S.C. § 2244(d)(1)-(2), the court will treat the petition as filed on April 15, 2014, the date it was signed and presumably delivered to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998) (applying mail-box rule to petition filed pursuant to 28 U.S.C. § 2255); *see also* Rule 3(d), Rules Governing Section 2254 Proceedings (discussing the mailbox rule).

### 2. Limitations Period

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court.  *See* 28 U.S.C. § 2244(d);[1] *Wall v. Kholi*, 131 S.Ct. 1278, 1282-

---

[1] This section provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

83 (2011). This one-year period is tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F. 3d 325, 328-30 (4th Cir. 2000).

Under these facts, the one-year limitations period started running on October 15, 2003, when the time for appealing resentencing expired. There was no properly filed application for state post-conviction or other collateral review pending during this time to statutorily toll the running of the limitations period. The limitations period expired on October 15, 2004.  Thus, when Love filed his § 2254 petition on dated April 15, 2014, the limitations period had already been long expired.

   3.  **Equitable Tolling**

A petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Love appears to attribute his untimely filing to his need for trial and sentencing transcripts. (ECF No. 8). Love does not specify, however, why these transcripts or portions thereof were necessary and why without them he was unable to file his federal petition for more than nine years. *See id.*  He also argues that:  (1)  his trial counsel failed to explain the right to file a petition for writ of habeas corpus; (2) he contacted Scott Whitney, an attorney in the Collateral Review Division of the Public Defender's Officer, for representation after the September 15, 2003 resentencing; (2) the Office of the Public Defender reviewed his post-conviction case from " '03 til 09' " when "they claimed to find no merit in his case"; and (3) he did not sign for or receive mail until 2011, indicating that the Office of Public Defender had

closed his post-conviction case, after which he promptly filed a post-conviction motion himself. (ECF No. 9).

Love, by his own account, was aware at resentencing in 2003 that there were avenues of post-conviction relief available to him, Thus, he contacted the Collateral Review Division for assistance in preparing his state post-conviction petition.  Love does not assert that he tried to contact the Collateral Review Division during the lengthy wait period before he heard from them.  Further, he does not identify an obstacle that prevented him from filing his federal habeas petition during the one-year limitations period. While Love may have misunderstood how the one-year limitations period is calculated, a lack of familiarity with the law does not provide grounds for equitable tolling. *See U.S. v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (holding pro se status and ignorance of the law do not justify equitable tolling). Given these circumstances, the court cannot conclude that Love diligently pursued his rights or that some extraordinary circumstance hindered timely filing to equitably toll the limitations period.

4. **Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the court declines to issue a certificate of appealability because Love has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), "a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## Conclusion

For these reasons, the petition will be dismissed as untimely and a certificate of appealability will be denied by separate order to follow.

<u>July 15, 2014</u>                                         <u>              /s/                              </u>
Date                                                        Catherine C. Blake
                                                            United States District Judge